J-S22033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| T.M.B., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| B.S.W., | |
| Appellant | No. 1248 MDA 2016 |

Appeal from the Order Entered June 29, 2016
In the Court of Common Pleas of Dauphin County
Domestic Relations at No(s): 1280 DR 2009, PACSES No. 817110975

BEFORE:  SHOGAN, MOULTON, and PLATT,[*] JJ.

CONCURRING AND DISSENTING MEMORANDUM BY SHOGAN, J.:

**FILED JUNE 08, 2017**

I respectfully concur in part and dissent in part.  I concur with the learned Majority's modification of the child support order to set Mother's yearly gross earning capacity for the period of August 26, 2015, through January 3, 2016, at $25,000.

I disagree, however, with the Majority's finding that the trial court abused its discretion when it awarded Mother a credit for child care expenses equal to the amount granted to Father.  The trial court issued this award on the basis that it assigned Mother a full-time earning capacity and "it is a general assumption that a parent who is employed full-time will incur child

_____

[*]  Retired Senior Judge assigned to the Superior Court.

care costs." Trial Court Opinion, 9/29/16, at 10. The trial court assigned full-time earning capacity to Mother. Accordingly, her support obligation should be dictated by that earning capacity. If Mother should choose to continue to work only part-time, her support obligation calculated on her earning capacity will not be changed. Where a party willfully fails to obtain appropriate employment, his or her income will be considered to be equal to his or her earning capacity. Pa.R.C.P. 1910.16–2(d)(4); *Kersey v. Jefferson*, 791 A.2d 419, 423 (Pa. Super. 2002). Thus, Mother's support obligation will not be altered due to her failure to seek and acquire full-time work.

Moreover, the parties share custody of the Children fifty/fifty and both were assigned full-time earning capacities. Father was awarded credit for child care in light of the court holding him to a full-time earning capacity and his custodial status. Accordingly, I believe the trial court was correct in giving the parties equal credit for child care costs because they share fifty/fifty custody of the Children and both were assigned full-time earning capacities as of January 4, 2016. Therefore, I would affirm that part of the trial court's holding.

Accordingly, I respectfully concur in part and dissent in part.